1  LAFAYETTE & KUMAGAI LLP
   GARY T. LAFAYETTE (SBN 88666)
2  Email: glafayette@lkclaw.com
   BRIAN H. CHUN (SBN 215417)
3  Email: bchun@lkclaw.com
   SAISRUTHI PASPULATI (SBN 319879)
4  Email: spaspulati@lkclaw.com
   1300 Clay Street, Suite 810
5  Oakland, California 94612
   Telephone:    (415) 357-4600
6  Facsimile:    (415) 357-4605

7  Attorneys for Defendant
   HOME DEPOT U.S.A., INC.
8

9              UNITED STATES DISTRICT COURT

10            EASTERN DISTRICT OF CALIFORNIA

11

12  JAIMEE STAHL,                          Case No. _____

13            Plaintiff,                   **NOTICE OF REMOVAL OF ACTION
                                           UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**
14  vs.

15  HOME DEPOT U.S.A., INC., dba "The
    Home Depot," and DOES 1 to 20, inclusive   Complaint Filed:  May 06, 2020
16  and each of them,

17            Defendants.

18

19

20

21

22

23

24

25

26

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant HOME DEPOT U.S.A., INC. ("Defendant") hereby removes to this Court the state court action described below.

1. On May 6, 2020, an action was commenced in the Superior Court of the State of California, in and for the County of Sacramento, entitled, <u>Jaimee Stahl v. Home Depot U.S.A., Inc., et al.</u>, Case No. 34-2020-00278032 (the "Action"). (A true and correct copy of the Complaint is attached hereto as **<u>Exhibit A</u>**.)

2. Defendant was served with a copy of the Summons and Complaint on May 2, 2022. (A true and correct copy of the Summons is attached hereto as **<u>Exhibit B</u>**.)

3. On May 31, 2022, Defendant filed an Answer to the Complaint. (A true and correct copy of the Answer is attached hereto as **<u>Exhibit C</u>**.)

4. This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy is determined based on Plaintiff's allegations in the Complaint, which the Court must assume to be true. *See Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008). Plaintiff Jaimee Stahl ("Plaintiff") alleges claims for failure to pay earned wages, failure to pay earned wages upon termination of employment, retaliation and unlawful business practice. Plaintiff's Complaint alleges that "Plaintiff has suffered and is entitled to recover past and future damages, including but not limited to loss of earnings and commissions, bonuses, and employee benefits" and "Plaintiff has suffered and is entitled to recover past and future emotional distress damages." Plaintiff seeks recovery of compensatory damages, general damages, special damages and punitive damages. The evidence and allegations demonstrate that Plaintiff seeks damages in excess of $75,000.00, the jurisdictional requirement of this Court:

a. At the time Plaintiff's employment with Defendant ended, on April 10, 2017, Plaintiff was working an average of 40 hours a week and earning $21.62 per hour, which

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

equals to annual compensation of approximately $41,510.40. Because more than two years have passed between Plaintiff's alleged wrongful termination and the present, Plaintiff is seeking lost wages for at least two years—which equals $83,020.80. Thus, Plaintiff alleges her lost wages alone are well above the minimum amount in controversy needed to establish diversity jurisdiction.

b. While it is difficult to estimate emotional distress damages at the outset of a case, it is reasonable, and in fact conservative, to estimate that Plaintiff could very well be seeking the equivalent of one-year's salary in emotional distress. *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) (taking note that emotional distress damages are "potentially substantial" although plaintiff's pleadings were vague). Assuming, conservatively, that Plaintiff's claim for emotional distress damages amounts to only one year of salary, that claim may be valued at $41,510.40. Assuming for purposes of removal only that the allegations are true, Plaintiff's claims for back pay and emotional distress damages will be in excess of $124,531.20, which significantly exceeds the $75,000.00 amount in controversy requirement.

c. While Plaintiff's claims for lost wages and emotional distress damages alone exceed the amount in controversy, Plaintiff also seeks punitive damages. Like compensatory damages, punitive damages are included in the amount in controversy to determine diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Although Defendant denies that Plaintiff should receive any punitive damages in this case, the amount in controversy for removal purposes includes the possibility of a jury awarding Plaintiff the sizable punitive damages that other juries have awarded in other employment discrimination cases. *See Steffens v. Regus Grp., PLC*, 2013 WL 4499112 (S.D. Cal. Aug. 19, 2013). Therefore, the amount in controversy in this matter clearly exceeds the statutory minimum of $75,000.00.

5. Plaintiff was at the time of the filing of the Action, and still is, a citizen of the state of California.

/ / /

/ / /

/ / /

/ / /

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

6. Defendant, a corporation, was at the time of the filing of this action, and still is, a citizen of a different state having been incorporated under the laws of the State of Delaware and having its principal place of business in the State of Georgia. (Declaration of Kathleen Burris in Support of Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity), ¶ 3.)

Dated: June 1, 2022

LAFAYETTE & KUMAGAI LLP

_____

SAISRUTHI PASPULATI
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

# EXHIBIT A

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Thomas Marc Litton, Esq. (Cal. Bar No. 119985)
Law Offices of Thomas Marc Litton
1 Sansome Street, Suite 3500, San Francisco, CA 94104

TELEPHONE NO.: 415-421-4774     FAX NO. *(Optional):* 415-421-4784
ATTORNEY FOR *(Name):* Plaintiff, Jaimee Stahl

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Schaber Sacramento Courthouse

CASE NAME:
JAIMEE STAHL v. HOME DEPOT U.S.A., INC., dba "The Home Depot,"and DOES 1 to 20

**FOR COURT USE ONLY**

FILED
Superior Court Of California,
Sacramento
05/06/2020
cieurgans
By _____ , Deputy
Case Number:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER 34-2020-00278032 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 4
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 5, 2020

Thomas Marc Litton, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

1   THOMAS MARC LITTON, ESQ. (Cal. Bar No. 119985)
2   LAW OFFICES OF THOMAS MARC LITTON
    1 Sansome Street, Suite 3500
3   San Francisco, California 94104
    Telephone: (415) 421-4770
4   Facsimile: (415) 421-4784
5   Attorneys for Plaintiff, JAIMEE STAHL

FILED
Superior Court Of California,
Sacramento
05/06/2020
sleurgans
By_____, Deputy
Case Number:
34-2020-00278032

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

UNLIMITED JURISDICTION

| | | |
|---|---|---|
| JAIMEE STAHL, | ) | CASE NO.: |
| Plaintiff, | ) | **COMPLAINT FOR DAMAGES** |
| v. | ) | **JURY TRIAL DEMANDED** |
| HOME DEPOT U.S.A., INC., dba "The Home Depot," and DOES 1 to 20, inclusive and each of them, | ) | |
| Defendants. | ) | |

Plaintiff JAIMEE STAHL (hereinafter referred to as "Plaintiff") complains against Defendant HOME DEPOT U.S.A., INC., dba "The Home Depot," (hereinafter referred to as "Home Depot") and DOES 1 through 20 (collectively referred to hereinafter as "Defendants"), and each of them, and alleges as follows:

//

//

# INTRODUCTION

1.      Plaintiff is a woman. She worked for Home Depot for more than ten years, but was abruptly terminated for being a few minutes tardy on April 8, 2017, shortly after Plaintiff reported to her Home Depot store manager that someone employed at Home Depot had been changing computer sales records so as to rob credit for sales made by Plaintiff and give the credit to other Home Depot employees who had no part in Plaintiff's sales. This theft of Plaintiff's sales robbed Plaintiff of credit for her sales and the commissions Plaintiff had earned on the sales. As she advised her manager, Plaintiff was convinced someone was illegally stealing her earned commissions. At the time of the events and circumstances alleged below, Plaintiff was employed at Home Depot's Auburn, California store.

2.      Plaintiff's work performance was excellent throughout her ten-year career at Home Depot. Her talents and excellent work efforts were immediately recognized by Home Depot peers and management. Many of her yearly performance appraisals designated her as an outstanding performer. Over the years at Home Depot, Plaintiff earned multiple raises, awards and increased responsibilities based upon her excellent performance.

# PRELIMINARY ALLEGATIONS

3.      Defendant Home Depot is a Delaware corporation with offices and stores throughout California. Based on information and belief, at all relevant times, Home Depot employed over seventy thousand (70,000) individuals, including in Auburn and Sacramento, California. At all times alleged in this Complaint, the alleged wrongdoing of Defendants and each of them occurred in California. Except where otherwise alleged, Plaintiff performed her duties for Defendant Home Depot in California.

4.      The true names and capacities of the defendants named herein as DOES 1 through 20, inclusive, whether individual, corporate, associate, or otherwise, is unknown to Plaintiff, who therefore sues such DOE defendants by fictitious names pursuant to California Code of Civil Procedure Sec. 474. Each DOE defendant is sued as an agent or employee of every other defendant, acting within the course and scope of that relationship, with the knowledge and consent of the other defendants, and each fictitiously named defendant is in

1   some matter responsible for the injuries and damages complained of herein. Plaintiff will amend

2   this Complaint to show such true names and capacities of the DOE defendants when they are

3   ascertained.

4       5.      At all times relevant herein, each of the defendants was the agent, employee,

5   supervisor, servant, and/or joint venture participant of each of the remaining defendants and in

6   doing the things hereafter alleged, was acting within the course, scope, and authority of such

7   agency, employment and/or joint venture, and with the consent and permission of each of the

8   other defendants. All actions of each defendant alleged in the causes of action into which this

9   paragraph is incorporated by reference were ratified and approved by the officers or managing

10  agents of every other defendant.

11                              **GENERAL ALLEGATIONS**

12      6.      Plaintiff began her employment at Home Depot in May 2007. Throughout her

13  employment at Home Depot, Ms. Stahl received excellent performance reviews. In fact, her

14  managers considered Ms. Stahl a "fantastic specialist with a wealth of knowledge...[who] drives

15  sales in various aspects of the Home Depot business."

16      7.      Beginning sometime in May 2007, and continuing throughout Plaintiff's

17  employment, Home Depot instituted a monthly sales award plan. Under this plan, sales

18  representatives of Home Depot like Plaintiff were awarded additional compensation based on

19  their sales amount or value measured against preset personal monthly quotas or "sales goals,"

20  commonly referred to as "Home Depot as Sales Per Hour" (SPH). Under this plan, each sales

21  representative's sales, including Plaintiff's, were quantified as to actual sales numbers [does this

22  mean number of items sold?] and cumulative dollar value of sales. In Plaintiff's case, her sales of

23  Home Depot appliances were measured against her preset monthly SPH sales goal. When a sales

24  representative met or exceeded their individual SPH sales goal, Home Depot would award that

25  sales representative additional compensation in proportion to the amount of their actual SPH

26  compared to their SPH goal. Under this sales award plan, Plaintiff regularly earned significant

27  commission income in addition to her base pay based upon her total sales per month.

28      8.      Home Depot required sales employees to acknowledge in writing Home Depot's

sales award program in a document entitled "The Specialist Productivity Acknowledgement Form." This form required each sales representative to acknowledge Home Depot's policy and rules about respect to how sales were quantified and "tracked" for each sales representative's earned additional compensation. In this form and in managers' meetings explaining the rules of the rewards program, Home Depot made it clear that company policy required a sales representative to be on the floor at their assigned store in order for any sales to be tracked and attributed to that particular sales representative for determining whether that representative met or exceeded their SPH goal and received sales awards. Plaintiff earned regularly earned sales awards in addition to her base pay for meeting or exceeding her monthly SPH sales goals.

9.     In October 2016, Plaintiff discovered for the first time that sales that should have been attributed to her were wrongly and intentionally attributed to a new hire at the Home Depot store where she worked. Specifically, Plaintiff learned that someone with managerial access to Home Depot's computer system was transferring records of sales she had made to sales representatives who were not on the floor working when the sales were made. As a result, sales that should have been attributed to Plaintiff were improperly attributed to employees who were not working when the sales were made and who should have been prohibited from earning sales awards under the rules of the Home Depot sales award plan. Changing the records to transfer credit for Plaintiff's sales to other employees illegally robbed Plaintiff of her earned sales awards. Plaintiff, having been advised that only manager-level employees had access to the passwords required to enter and change sales records, was convinced that a Home Depot manager-level employee was responsible for the theft of her sales rewards.

10.     After discovery of the theft of credit for the sales she had earned, sometime in November 2017, Plaintiff reported her discovery and the evidence she collected concerning the changed sales records to Home Depot's manager on duty at the time, Mr. Mark Milton. She reported to Mr. Milton because he was in a position to correct the problem or to take appropriate action to start corrective action that would restore to Plaintiff her stolen sales awards and stop what Plaintiff believed was an illegal taking of her earned sales awards. Included in the evidence that Plaintiff presented to Mr. Milton were computer screen shots reflecting Plaintiff's work

schedule, the sales (by invoice number) that should have been attributed to her, and the corresponding subsequent changes in the system that attributed the same sales to a new Home Depot sales employee named Angelo. Plaintiff clearly demonstrated that Angelo could not have made the sales because Angelo was not even on the clock when a number of the sales credited to him were made. Mr. Milton listened to Plaintiff but provided no assistance and never indicated what he would do to correct the problem.

11. Within two weeks after she asked Mr. Milton to correct the problem of sales attribution, Plaintiff was advised by Home Depot administrative staff that the store manager, Ms. Suzette Garrett, had begun watching Plaintiff closely because Ms. Garrett was looking for a reason to discipline Plaintiff. Plaintiff became concerned but insisted that her sales records be corrected, and her sales awards restored. However, Home Depot did nothing to correct the problem. Instead, within a couple of weeks of being informed that Ms. Garrett was looking for a reason to discipline Plaintiff, Plaintiff's shift hours, which she had enjoyed for several years at Home Depot, were suddenly and without explanation changed. Plaintiff learned Ms. Garrett changed her shift hours. When Plaintiff asked Ms. Garrett why her shift hours had been changed, Ms. Garrett refused to explain. The shift change instantly and negatively affected Plaintiff's SPH and sales awards. Plaintiff protested and, once again, insisted that Home Depot correct the sales records and restore her earned sales awards. Home Depot did nothing.

12. Instead, Ms. Garrett announced [to whom? To Plaintiff?] that she would conduct an investigation of Plaintiff's daily activities, strongly indicating that Ms. Garrett was certain to find something wrong and would therefore discipline Plaintiff. Withing the next two weeks, Ms. Garrett accused Plaintiff of "willful falsification of her timecards." Plaintiff protested and told Ms. Garrett that the accusation was false and improper. Recognizing that Ms. Garrett was out to get Plaintiff and unlikely to be fair to her, Plaintiff reported Ms. Garrett's harassing and intimidating misconduct to Mr. Scott Geisel, Home Depot's manager of field marketing. Plaintiff explained to Mr. Geisel that Ms. Garrett's conduct against Plaintiff was likely in retaliation for Plaintiff's reporting the theft of her sales awards to Mr. Milton, because she had learned that Mr. Milton had told Ms. Garrett that Plaintiff had presented evidence that someone in Home Depot

1  management changed the computer records to deny Plaintiff her earned sales awards. Mr. Geisel
2  gave Plaintiff the impression that he took Plaintiff's claims seriously and would correct the
3  matter.

4        13.    Instead, shortly after Plaintiff's discussion with Mr. Geisel and return from Home
5  Depot training in Atlanta, Georgia, on April 8, 2017, Home Depot terminated Plaintiff's
6  employment based upon the false assertion that Plaintiff had willfully falsified her timecards and
7  had been impermissibly tardy. Despite the clear evidence that Plaintiff's earned sales awards
8  had been stolen, Home Depot failed and refused to pay Plaintiff her earned sales awards in
9  violation of California Labor Code Section 204.1 (failure to pay commissions on a monthly
10  basis), 216 (willful failure to pay wages), 222 (failure to pay agreed upon wage rate), and failed
11  and refused to pay Plaintiff all of her earned income upon termination in violation of California
12  Labor Code Section 201.

13        14.    Plaintiff alleges that Home Depot's asserted reasons for Plaintiff's termination
14  constituted a pretext for Home Depot's retaliation against Plaintiff for reporting to Home Depot
15  management her honest and good faith belief that Home Depot management engaged in a theft
16  of her earned sales awards.

17  **FIRST CAUSE OF ACTION**
18  **Failure to Pay Earned Wages**
19  **(Against Defendants Home Depot and DOES 1-20)**

20        15.    Plaintiff incorporates by reference paragraphs 1 through 14 above as though fully
21  set forth herein.

22        16.    Under California law, earned commissions are the same as earned wages and an
23  employee's earned commissions, like earned wages, must be paid by the employer within a
24  month of the employee's earned right to her commissions. During her employment at Home
25  Depot, Plaintiff earned her sales awards for her sales of Home Depot property according to
26  Home Depot's written sales award policy, thereby obligating Home Depot to pay Plaintiff
27  commissions based upon her sales every month. Home Depot failed to pay all of Plaintiff's
28  earned commissions.

Complaint for Damages                           Page 6

17. Home Depot's failure to pay Plaintiff her earned commissions violated California's labor law, including but not limited to California Labor Code Sections 204.1, 216, and 222. Under California Labor Code Section 218, Plaintiff is entitled to bring this lawsuit against Home Depot for the recovery of her earned but unpaid commissions.

18. Home Depot's failure to pay Plaintiff her earned commissions was willful and without substantial justification entitling Plaintiff to seek civil penalties.

19. Home Depot's failure to pay Plaintiff her earned commissions and wages entitle Plaintiff to seek attorneys' fees and costs.

WHEREFORE, Plaintiff prays for damages against each and every Defendant, as set forth below.

## SECOND CAUSE OF ACTION

### Failure to Pay Earned Wages Upon Termination of Employment

### (Against Defendants Home Depot and DOES 1-20)

20. Plaintiff incorporates by reference paragraphs 1 through 19, inclusive, as though fully set forth herein.

21. At all times herein mentioned, it has been the public policy of the state of California that employers in California must pay all earned commissions and wages immediately upon termination of employment of every employee.

22. On or about April 8, 2017, Home Depot terminated Plaintiff's employment, but failed to pay Plaintiff all of her earned commissions and wages at the time Home Depot terminated Plaintiff's employment in violation of California Labor Code Section 201. The total amount of the commissions and wages that Home Depot did not pay but was obligated to pay Plaintiff at the time Home Depot terminated Plaintiff will be calculated at the time of trial.

23. Home Depot's failure to pay Plaintiff her earned commissions upon termination of employment was willful and without substantial justification entitling Plaintiff to seek civil penalties against Home Depot.

24. Home Depot's failure to pay Plaintiff her earned commissions and wages entitles Plaintiff to seek attorneys' fees and costs.

WHEREFORE, Plaintiff prays for damages against each and every Defendant, as set forth below.

### THIRD CAUSE OF ACTION

**Retaliation in Violation of Labor Code Section 1102.5**

**(Against Defendants Home Depot and DOES 1-20)**

25. Plaintiff incorporates by reference paragraphs 1 through 24, inclusive, as though fully set forth herein.

26. California law broadly protects employees, like Plaintiff, who attempt to report misconduct from retaliation such as the retaliation Plaintiff alleges above. These whistleblower protections are most clearly expressed in Labor Code section 1102.5, which provides in pertinent part:

> An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, . . . to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.
> (Cal. Labor Code Section 1102.5(b)

27. In blatant violation of this law, and others described below, Home Depot retaliated against Plaintiff for raising her legitimate concerns about the theft of her earned commissions and wages.

28. Plaintiff had reasonable cause to believe that Home Depot had violated California state law by *inter alia*, falsification of sales records to deprive Plaintiff of credit for her sales and her earned commissions and wages.

29. On multiple occasions, as alleged above, Plaintiff disclosed to Home Depot management her belief that the falsification of the sales records, as alleged above, constituted a violation of California law.

---

30. The individual Home Depot managers to whom Plaintiff had disclosed her belief that Home Depot was engaging in illegal activity with respect to the falsification of sales records as alleged above had authority over Plaintiff and had the authority to investigate, conduct discovery, or correct the violations raised by Plaintiff.

31. Home Depot, and the individuals who were employed by Home Depot alleged above, retaliated against Plaintiff for disclosing her discovery of Home Depot's falsification of sales records by harassing Plaintiff, attempting to discipline Plaintiff on false claims of Plaintiff's improper conduct, unnecessarily changing her shifts, and ultimately terminating Plaintiff on or about April 8, 2017.

32. Home Depot's misconduct as alleged in this cause of action was in violation of California Labor Code Section 1102.5.

33. As a direct and legal cause of Home Depot's wrongful conduct as alleged in this cause of action, Plaintiff has suffered and is entitled to recover past and future damages, including but not limited to loss of earnings and commissions, bonuses, and employee benefits all in an amount according to proof at trial.

34. As a direct and legal cause of Home Depot's wrongful conduct as alleged in this cause of action, Plaintiff has suffered and is entitled to recover past and future emotional distress damages all in an amount according to proof at trial.

35. Home Depot's wrongful conduct as alleged in this cause of action entitles Plaintiff to seek attorneys' fees and costs.

36. The actions of Home Depot as alleged in this cause of action were carried out in a deliberate manner in conscious disregard of the rights of Plaintiff and were malicious, despicable and were intended to harm Plaintiff economically and emotionally. Plaintiff is therefore entitled to punitive damages against Home Depot in an amount sufficient to punish Defendants, and to deter future similar misconduct.

WHEREFORE, Plaintiff prays for damages against each and every Defendant, as set forth below.

//

---

Complaint for Damages

## FOURTH CAUSE OF ACTION
### Unlawful Business Practice (Violation of California Business & Professions Code §17200, *et seq.*)

### (Against Defendants Home Depot and DOES 1-20)

37. Plaintiff hereby refers to and incorporates herein by reference, paragraphs 1 through 35 inclusive, as though fully set forth herein.

38. Plaintiff brings this cause of action pursuant to California Business & Professions Code §17200, *et seq.*, on behalf of the general public.

39. California Government Code §12940 *et seq.*, prohibits harassment and retaliation against whistleblowers concerning violations of California labor laws with respect to California employees. California Labor Code §1102.5 prevents retaliation for disclosing violations of state statutes and regulations as alleged above.

40. Home Depot, in the course of doing business in California, knowingly and intentionally harassed and retaliated against Plaintiff, including by terminating Plaintiff's employment, because Plaintiff made complaints to Home Depot's management team about her belief that Home Depot engaged in the theft of earned commissions and wages by falsification of sales records as alleged above.

41. Plaintiff is entitled to restitution resulting from Defendants' unlawful, unfair or fraudulent business practices.

42. Defendants conduct is ongoing and is likely to continue in the future. Therefore, Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting the theft of earned commissions and retaliation against employees who report such violations of California labor laws.

43. As a further direct and legal consequence of the actions of Defendants, as alleged in this cause of action, Plaintiff is entitled to attorneys' fees, in an amount according to law and to be proven at the time of trial.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in her favor on each and every claim for relief set forth above, and award her relief including, but not limited to, the following:

1. A preliminary and permanent injunction enjoining and restraining Home Depot, its officers, employees, agents, servants, consultants, subsidiaries, representatives and all persons acting in concert and participation with any of them from denying Plaintiff her earned commissions and wages;

2. A public acknowledgment and apology from Home Depot to all its employees, including Plaintiff, for its unlawful conduct as alleged in this complaint;

3. Rescission and disgorgement of all direct and indirect benefits obtained by Home Depot as a result of their falsification of sales records the detriment employees like Plaintiff;

4. For general, special, and emotional distress damages according to proof;

5. For loss of earnings and earning capacity, according to proof;

6. For punitive damages;

7. For an accounting;

8. For an order of disgorgement and restitution;

9. For costs of suit;

10. For prejudgment interest at the maximum legal rate on all sums awarded;

11. For attorneys' fees; and

12. For such other and further relief as the court deems just and proper.

Dated: April 5, 2020

LAW OFFICES OF THOMAS MARC LITTON

By: _____
Thomas Marc Litton
Attorneys for Plaintiff, Jaimee Stahl

//

//

1

## DEMAND FOR JURY TRIAL

2          Plaintiffs hereby demand a trial by jury.

3    Dated:  April 5, 2020                    LAW OFFICES OF THOMAS MARC LITTON

4

5                                             By: _____
                                                  Thomas Marc Litton
6                                                 Attorneys for Plaintiff, Jaimee Stahl

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

FILED
Superior Court Of California,
Sacramento

05/06/2020

cleurgans

By _____ , Deputy

Case Number:
34-2020-00278032

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
HOME DEPOT U.S.A., INC.,dba "The Home Depot," and DOES 1to20, inclusive and each of them

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

JAIMEE STAHL

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: (Número del Caso): |
|---|---|
| (El nombre y dirección de la corte es): | |

Superior Court of the State of California, County of Sacramento
720 9th Street, Sacramento, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Thomas Marc Litton, Esq. 1 Sansome Street, Suite 3500, San Francisco, CA 94104, Tel. No. 415-421-4774

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| (Fecha) | MAY - 6 2020 | (Secretario) | C. LEURGANS | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Home Depot U.S.A., Inc., dba "The Home Depot"
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date)

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

# EXHIBIT C

1   LAFAYETTE & KUMAGAI LLP
    GARY T. LAFAYETTE (SBN 88666)
2   Email: glafayette@lkclaw.com
    BRIAN H. CHUN (SBN 215417)
3   Email: bchun@lkclaw.com
    SAISRUTHI PASPULATI (SBN 319879)
4   Email: spaspulati@lkclaw.com
    1300 Clay Street, Suite 810
5   Oakland, California 94612
    Telephone:    (415) 357-4600
6   Facsimile:    (415) 357-4605

7   Attorneys for Defendant
    HOME DEPOT U.S.A., INC.

8

9                  SUPERIOR COURT OF CALIFORNIA

10                     COUNTY OF SACRAMENTO

11

12   JAIMEE STAHL,                          Case No. 34-2020-00278032

13            Plaintiff,                     **DEFENDANT HOME DEPOT U.S.A.,
                                             INC.'S ANSWER TO PLAINTIFF'S**
14   vs.                                     **COMPLAINT**

15   HOME DEPOT U.S.A., INC., dba "The
     Home Depot," and DOES 1 to 20, inclusive
16   and each of them,                       Complaint Filed:  May 06, 2020

17            Defendants.

18

19

20

21

22

23

24

25

26

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

RECEIVED
MAIN LOBBY DROP BOX

2022 MAY 31  PM 4: 19

GORDON D SCHABER
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

Defendant Home Depot U.S.A., Inc. ("Defendant") answers the Complaint ("Complaint") filed by Plaintiff Jaimee Stahl ("Plaintiff") as follows:

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally denies each and every, all and singular, of the allegations in the Complaint, and generally denies Plaintiff has been injured in any of the sums mentioned in said Complaint, or any sum at all, as the result of any action, omission to act or delay in acting of this answering Defendant.

## FIRST AFFIRMATIVE DEFENSE

1.      As a first, separate affirmative defense, Defendant asserts that Plaintiff fails to allege facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.      As a second, separate affirmative defense, Defendant asserts that Plaintiff failed to exhaust appropriate administrative remedies with the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

## THIRD AFFIRMATIVE DEFENSE

3.      As a third, separate affirmative defense, Defendant asserts that this action cannot be maintained because statutory prerequisites have not been fulfilled.

## FOURTH AFFIRMATIVE DEFENSE

4.      As a fourth, separate affirmative defense, Defendant asserts that Plaintiff's Complaint is barred by statutes of limitation including, but not limited to, Cal. Civ. Proc. Code §§ 335.1, 337, 338, 340 and Cal. Bus. & Prof. Code § 17208.

## FIFTH AFFIRMATIVE DEFENSE

5.      As a fifth, separate affirmative defense, Defendant asserts that the alleged damages sustained by Plaintiff was caused by persons, firms, corporations, entities or organizations other than Defendant and, by reason thereof, Defendant is not liable to Plaintiff for any alleged injuries, losses or damages.

## SIXTH AFFIRMATIVE DEFENSE

6.      As a sixth, separate affirmative defense, Defendant asserts that it was unaware of the conduct of which Plaintiff complains and, had it been made aware of the conduct, it would have

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

taken immediate corrective action to prevent said conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

7.     As a seventh, separate affirmative defense, Defendant asserts that Plaintiff consented to and/or acquiesced in the alleged acts or omissions, if any, barring Plaintiff from any relief as prayed for in her Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

8.     As an eighth, separate affirmative defense, Defendant asserts that Plaintiff failed to mitigate her damages, if any, and said failure to mitigate bars Plaintiff from recovery in this action.

**NINTH AFFIRMATIVE DEFENSE**

9.     As a ninth, separate affirmative defense, Defendant asserts that Plaintiff's Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

10.     As a tenth, separate affirmative defense. Defendant asserts that Plaintiff's Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of after-acquired evidence.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     As an eleventh, separate affirmative defense, Defendant asserts that Plaintiff's Complaint, and/or each claim for relief contained therein, is barred by the doctrines of waiver, estoppel, and/or laches.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     As a twelfth, separate affirmative defense, Defendant asserts that it would have acted in the manner complained of by Plaintiff regardless of Plaintiff's alleged protected acts.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.     As a thirteenth, separate affirmative defense, Defendant asserts that it exercised reasonable care to prevent and promptly correct any retaliatory conduct.

/ / /

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     As a fourteenth, separate affirmative defense, Defendant asserts that Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant and otherwise failed to avoid harm.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     As a fifteenth, separate affirmative defense, Defendant asserts that any violation of law by Defendant was the result of good faith conduct by Defendant for legitimate business purposes and Defendant had reasonable grounds for believing such conduct was not a violation of any statute, order, regulation, or policy.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     As a sixteenth, separate affirmative defense, Defendant asserts that Plaintiff's claims are barred because Plaintiff has been paid all wages due and owed.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     As a seventeenth, separate affirmative defense, Defendant asserts that Defendant's conduct alleged in the Complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief it was correct and no action may be taken against Defendant on account of such conduct.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.     As an eighteenth, separate affirmative defense, Defendant asserts that any claims for emotional distress or mental anguish allegedly suffered is barred by the exclusive remedy provided by Labor Code § 3600 et seq. and cannot be compensated for in this present action.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.     As a nineteenth, separate and affirmative defense, Defendant asserts that it did not ratify, and/or approve any wrongful conduct.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     As a twentieth, separate affirmative defense, Defendant asserts that it has at all times endeavored in good faith to comply with the provisions of the California Labor Code, the wage orders of the Industrial Welfare Commission, as well as all other applicable state laws, and

4

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

1 | Defendant has reasonable grounds for believing that it was in compliance therewith.

2 | **TWENTY-FIRST AFFIRMATIVE DEFENSE**

3 | 21.     As a twenty-first, separate affirmative defense, Defendant asserts that Plaintiff is

4 | not entitled to any penalty award under the California Labor Code since, at all times relevant and

5 | material herein, Defendant did not willfully fail to comply with the compensation provisions of

6 | California Labor Code §§ 200, et seq., but rather acted in good faith and had reasonable grounds

7 | for believing that it did not violate the compensation provisions of the California Labor Code.

8 | **TWENTY-SECOND AFFIRMATIVE DEFENSE**

9 | 22.     As a twenty-second, separate affirmative defense, Defendant asserts that the

10 | claims for waiting time penalties should be denied because a good faith dispute exists as to

11 | whether any wages are due.

12 | **TWENTY-THIRD AFFIRMATIVE DEFENSE**

13 | 23.     As a twenty-third, separate affirmative defense, Defendant asserts the imposition

14 | of statutory penalties would violate Defendant's rights, including the right to due process and

15 | equal protection, under the California and United States Constitutions and other laws.

16 | **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

17 | 24.     As a twenty-fourth, separate affirmative defense, Defendant asserts that Plaintiff's

18 | claims are barred, in whole or in part, because Defendant has not engaged in any unlawful or

19 | unfair business practices within the meaning of California Business & Professions Code §§

20 | 17200, *et seq.*, and Defendant's conduct was proper and/or justified.

21 |

22 | WHEREFORE, Defendant prays:

23 | 1.     The Plaintiff take nothing by the Complaint;

24 | 2.     That the Complaint be dismissed with prejudice;

25 | 3.     That Defendant recover its costs of suit herein, including its reasonable attorneys'

26 | fees; and

27 | ///

28 | ///

4. That the Court grant such other further relief as it may deem appropriate.

Dated: May 31, 2022

LAFAYETTE & KUMAGAI LLP

_____

SAISRUTHI PASPULATI
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

## PROOF OF SERVICE

I declare:

I am employed in the City of Oakland, California. I am over the age of eighteen years and not a party to the within action. My business address is 1300 Clay Street, Suite 810, Oakland, California 94612.

On May 31, 2022, I served the document named below on the parties in this action as follows:

**DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

| | |
|---|---|
| **X** | **(BY MAIL):** I caused each and such envelope with postage thereon fully prepaid, to be placed in the United State mail at Oakland, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection |
| | **(BY FILE & SERVEXPRESS)** I served the document(s) named above on the party(ies) in this action, by uploading true and correct copy(ies) of the document(s) to File & ServeXpress to be filed and served electronically to the Court and counsel of record through their File & ServeXpress Inboxes. |
| | **(BY PERSONAL SERVICE):** I caused to be personally served each document listed above on the addressee(s) noted below. |
| | **(BY FACSIMILE)** I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below. |
| | **(BY OVERNIGHT MAIL):** I caused to be delivered to an overnight courier service each document to the addressee(s) noted below. |
| | **(BY EMAIL):** I caused to be sent via electronic mail at the email listed below, a copy of each document to the addressee(s) noted below. |

Thomas Marc Litton, Esq.
LAW OFFICES OF THOMAS MARC LITTON
1 Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone: (415) 421-4774
Facsimile: (587) 415-4223
Email: marc@littonlaw.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 31, 2022, at Oakland, California.

_____
KIRSTEN MIKKELSEN

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

## PROOF OF SERVICE

I declare:

I am employed in the City of Oakland, California. I am over the age of eighteen years and not a party to the within action. My business address is 1300 Clay Street, Suite 810, Oakland, California 94612.

On June 1, 2022, I served the document named below on the parties in this action as follows:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) AND EXHIBITS**

| X | (BY MAIL): I caused each and such envelope with postage thereon fully prepaid, to be placed in the United State mail at Oakland, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection |
|---|---|
| | (BY FILE & SERVEXPRESS) I served the document(s) named above on the party(ies) in this action, by uploading true and correct copy(ies) of the document(s) to File & ServeXpress to be filed and served electronically to the Court and counsel of record through their File & ServeXpress Inboxes. |
| | (BY PERSONAL SERVICE): I caused to be personally served each document listed above on the addressee(s) noted below. |
| | (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below. |
| | (BY OVERNIGHT MAIL): I caused to be delivered to an overnight courier service each document to the addressee(s) noted below. |
| | (BY EMAIL): I caused to be sent via electronic mail at the email listed below, a copy of each document to the addressee(s) noted below. |

Thomas Marc Litton, Esq.
*LAW OFFICES OF THOMAS MARC LITTON*
1 Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone: (415) 421-4774
Facsimile: (587) 415-4223
Email: marc@littonlaw.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 1, 2022, at Oakland, California.

_____
KIRSTEN MIKKELSEN